UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05249-RGK-MRW | Date | August 1, 2022 |
|---|---|---|---|
| Title | *Aldo Pizano v. Ford Motor Company, et al.* | | |

**JS6**

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Order Remanding Action to State Court

On June 17, 2021, Aldo Pizano ("Plaintiff") filed a Complaint against Ford Motor Company ("Defendant") alleging breaches of express and implied warranties pursuant to the Song-Beverly Warranty Act. On July 28, 2022, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In the complaint, Plaintiff seeks damages, including compensatory damages, restitution, statutory remedies, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendant calculates that based on the vehicle price of $69,312.64, and with a mileage offset of $3,827.77, the base damages are $65,484.87. Including civil penalties (i.e, two times actual damages), and an estimated $50,000 in attorney's fees, Defendant argues the amount in controversy is likely at least $246,454.61, well over the jurisdictional minimum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-05249-RGK-MRW | Date | August 1, 2022 |
|---|---|---|---|
| Title | *Aldo Pizano v. Ford Motor Company, et al.* | | |

**JS6**

    However, while the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, minus the value for any use by plaintiff prior to the first repair of the vehicle, the plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). The Installment Contract in this case, executed in October 2020, indicates that $63,973.92 of the total purchase price was financed. Plaintiffs' monthly payments are $905.79 until November 2023, and then $1044.20, and the last payment is not due until April 2, 2026. (Kashani Decl., Ex. C at NRF 000001, ECF No. 4.) In light of these facts, the Court finds it implausible that the amount in controversy exceeds $75,000.

    As Defendant points out, Plaintiff would be entitled to civil penalties and attorneys' fees if the action succeeds. As to attorneys' fees, the Court finds this to be speculative. Moreover, given the deficiencies of Defendant's calculations with respect to actual damages, civil penalties, which are based on actual damages, are similarly deficient.

    Accordingly, the Court finds that Defendant has failed to plausibly allege that the amount in controversy meets the jurisdictional requirement.

    In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

    **IT IS SO ORDERED.**

                                                                                                 :

Initials of Preparer            jre/a